UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERNARD LEWIS,

                              Plaintiff,

                    -v-

MARK STEIN, ET AL.,

                              Defendants.

19 Civ. 8085 (PAE)

Opinion & Order

---

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Bernard Lewis brought claims against defendants Annemarie E. Steward,

Legal Servicing, LLC ("Legal Servicing"), Robert T. Van De Mark, North American Process

Serving, LLC ("NAPS"), Rodney A. Giove, Robert Crandall, William Singler, Resolution

Management, LLC ("Resolution"), Mark H. Stein, JP Morgan Chase Bank, N.A. ("Chase"), and

Erin Capital Management, LLC ("Erin Capital"). The claims stem from two default judgments

entered against Lewis in state court as a result of unpaid debt incurred on a credit card originally

issued to him by Chase. On November 19, 2020, the Court dismissed Lewis's claims against

Chase. Dkt. 88. On September 30, 2022, the Court dismissed Lewis's claims against Steward,

Van De Mark, Giove, and Legal Servicing. Dkt. 126.

Pending now is a motion for judgment on the pleadings filed by Stein. Dkt. 114. On

August 22, 2023, the Hon. Ona T. Wang, Magistrate Judge, issued a Report and

Recommendation recommending that the Court grant the motion and dismiss Lewis's claims

against Stein with prejudice and without leave to amend. Dkt. 113 (the "Report"). The Report

recommended the same outcome for non-appearing defendants NAPS, Crandall, Singler,

Resolution Management, and Erin Capital, due either to Lewis's failure to prosecute the claims

against them or on the merits because these claims necessarily fall along with those brought

against appearing-defendants. *See id.* at 7–8. Lewis timely filed objections to the Report, Dkt.

134, and Stein filed a response, Dkt. 135.

The Court incorporates by reference the summary of facts provided in the Report. For

the reasons that follow, the Court adopts Judge Wang's recommendation in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected

to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.

1997). "To accept those portions of the report to which no timely objection has been made, a

district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v.

Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at \*2 (S.D.N.Y. Aug. 19,

2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at \*4 (S.D.N.Y.

July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y.

2003).

If a party objecting to a Report and Recommendation makes only conclusory or general

objections, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*,

No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at \*1 (S.D.N.Y. June 25, 2013); *Kozlowski v.

Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at \*3 (S.D.N.Y.

Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*,

No. 16 Civ. 5424 (PAE) (GWG), 2017 WL 1405754, at \*1 (S.D.N.Y. Apr. 18, 2017) (citing

*Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE) (JCF), 2011 WL 5877548, at \*2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

Lewis raises various objections, but even reading these with the special solicitude owed to *pro se* filings, the Court cannot discern any objection sufficiently "specific and clearly aimed at particular findings in the magistrate judge's report" so as to warrant *de novo* review. *Kelly v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at \*2 (S.D.N.Y. Sept. 11, 2017); *see, e.g.*, *Lewis v. Steward*, No. 19 Civ. 8085 (PAE) (OTW), 2022 WL 4592641, at \*5 (S.D.N.Y. Sept 30, 2022).

Although Lewis quotes several passages from the Report, and states without elaboration that he objects to certain of the Report's conclusions, *see, e.g.* Dkt. 134 at 2 ("[P]laintiff object[s] to the recommendation of dismissal against the defaulting defendants Robert Singler, Resolution Management, and Erin Capital"), his spare formulations do not engage at all with the Report's reasoning. And the bulk of Lewis's objections center on parties already dismissed and issues already decided, for example, regarding the conduct of former-defendant Steward. *See id.* at 3–6 (discussing Steward's actions).

As to Stein himself, Lewis objects only that there is no evidence that Resolution Management, the entity Stein represented as its attorney, sold the default judgment at issue back to Legal Servicing after having purchased it. *See id.* at 2. But even if this were true, and if there were allegations in the pleadings to support that contention, it is nonresponsive to the reasons the Report gave for recommending dismissal of the claims against Stein. None hinged on the transfer back to Legal Servicing. *See* Report at 5–6 (recommending dismissal of New York

Judiciary Law § 487(1) claims either as time-barred or for failing to allege any "deceit" by Stein aimed at a court); *id.* at 6 (recommending dismissal of negligence claims for failure to allege that Stein owed plaintiff any duty); *id.* at 7 (recommending dismissal of civil RICO claims for failing to plausibly plead the existence of a criminal enterprise or pattern of racketeering activity).

Accordingly, the Court reviews the Report for clear error. *See Dickerson*, 2013 WL 3199094, at *1–2; *see also DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." (citation omitted)). Finding none in Judge Wang's thorough and well-reasoned Report, the Court adopts the Report in full.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full, grants Stein's motion in full, and dismisses Lewis's claims against all remaining defendants. As such, the Clerk of Court is respectfully directed to terminate all outstanding motions and close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 5, 2024
New York, New York

4